Filed 6/26/13  P. v. Singleton CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058287 |
| v. | (Super.Ct.No. FSB20937) |
| STEVEN P. SINGLETON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Steven P. Singleton was convicted of first degree burglary and other charges as a third striker in 2000.  As discussed below, the trial court's order is affirmed.

1

On October 17, 2000, a jury convicted defendant of first degree burglary (Pen. Code, § 459);[1] grand theft (§ 487d); and unlawfully taking a vehicle (Veh. Code, § 10851). The trial court found that defendant had two strike priors, a serious felony prior, and two prison priors. On December 12, 2000, the court denied defendant's *Romero*[2] motion and sentenced him to prison for 93 years to life.

On April 29, 2002, the trial court re-sentenced defendant after an appeal. The court struck one of defendant's five-year enhancements for being a repeat serious felony offender (§ 667, subd. (a)(1)) and re-sentenced him to 88 years to life.

On February 20, 2013, defendant filed a *pro per* petition for resentencing under section 1170.126. The court denied the petition on March 1, 2013 because defendant's current commitment offense for first degree burglary is a serious felony, which disqualifies him from being treated as a second striker under section 1170.126, subdivision (e)(1).) Defendant appealed from this decision.

Upon defendant's request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a

---

[1] All section references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

statement of the case, a summary of the facts, and potential arguable issues[3] and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has done so. However, the handwritten brief did not address any appealable issues.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

### DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.


We concur:

HOLLENHORST
                    J.

MILLER
                    J.

---

**3** Namely, whether the trial court erred when it denied defendant's petition for resentencing under section 1170.126.